IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHON TORNEY                              :

   v.                                   :    Civil Action No. DKC 22-3151

PERSIS P. WHITEHEAD, et al.              :

**MEMORANDUM OPINION AND ORDER**

Plaintiff Shon Torney filed this products liability lawsuit in this court on December 6, 2022, under a theory of diversity jurisdiction. (ECF No. 1). On April 3, 2023, Defendants Focus Consumer Healthcare, LLC ("Focus") and Kevin Menzel filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, contending that both Plaintiff and Defendant Focus are citizens of Maryland. (ECF No. 34). On that same day, Defendant Focus filed a supplemental disclosure statement pursuant to Local Rule 103.3, indicating that its sole member is Focus Consumer Health Fund I, LP, which has one general partner and sixty-six limited partners. (ECF No. 33). In an affidavit attached to the motion to dismiss, Defendant Menzel adds that one of Focus's limited partners is BMRG Ooltewah, LLC ("BMRG Ooltewah"), whose members are citizens of Tennessee, Maryland, and North Carolina. (ECF No. 34-2 ¶ 7-8).

In response, Plaintiff filed an opposition, (ECF No. 36), a motion to deny dismissal, (ECF No. 37), and a motion to remand to state court, (ECF No. 38). Plaintiff states that he researched Focus and BMRG Ooltewah and found no evidence of their Maryland citizenship. (ECF No. 36). He notes that he does not have access to the records that would allow him to determine the states of citizenship of all of Focus's members but "denies [that] BMGR [Ooltewah] is a citizen of Maryland and North Carolina" based on the lack of publicly accessible information supporting that fact. (*Id.*). He also argues that Defendant Menzel's affidavit contains hearsay statements regarding the citizenships of third parties.

Defendants Focus and Menzel filed a reply, to which they attached a declaration by one of the members of BMRG Ooltewah, stating that he is in fact a citizen of Maryland. (ECF No. 39-1).

When a Rule 12(b)(1) motion challenges the factual basis for subject matter jurisdiction, "the burden of proving subject matter jurisdiction is on the plaintiff." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). In considering such a motion, "the district court is to regard the pleadings' allegations as mere evidence on the issue[] and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* The court should apply the standard applicable to a motion for summary judgment,

2

meaning that "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists," and the "moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  *Id.*

As an LLC, Focus's citizenship for diversity jurisdiction purposes is derived from the citizenship of all its members.  *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004).  Defendants have come forward with evidence that Focus is a citizen of Maryland, including a declaration from one of its members that he is a citizen of Maryland.  Plaintiff, upon whom the burden of proof rests, has not come forward with any evidence to the contrary.  However, because the declaration was not provided until Defendants filed their reply, Plaintiff has not had the opportunity to contest it.  The court recognizes the difficulty a litigant may face in determining the citizenship of an entity such as Focus, *see, e.g., SunTrust Bank v. Village of Fair Oaks Owner, LLC*, 766 F.Supp.2d 686, 689-90 (E.D.Va. 2011), but the law places the burden on the party asserting federal jurisdiction to prove necessary facts.

Plaintiff will have fourteen (14) days to file a surreply in response to the arguments and evidence provided in Defendants' reply brief.  Unless Plaintiff can provide evidence that undermines the declaration and other evidence provided by Defendants, the

3

case will be dismissed for lack of subject matter jurisdiction.[1] This type of dismissal would not preclude Plaintiff from filing his lawsuit in state court, subject to any applicable limitations periods.[2]

Accordingly, it is this 27th day of April, 2023, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff will have fourteen (14) days from the date of this Order to file a surreply; and

2. The Clerk IS DIRECTED to mail a copy of this Order to Plaintiff and transmit a copy to counsel for Defendants.

/s/
DEBORAH K. CHASANOW
United States District Judge

---

[1] "A case originally filed in federal court cannot be remanded to state court."  *Payne v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 75 F.App'x 903, 906 (4th Cir. 2003).

[2] *See* Md. Rule 2-101(b) ("Except as otherwise provided by statute, if an action is filed in a United States District Court . . . within the period of limitations prescribed by Maryland law and that court enters an order of dismissal . . . for lack of jurisdiction, . . . an action filed in a circuit court within 30 days after the entry of the order of dismissal shall be treated as timely filed in this State.").