IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHON TORNEY                          :
                                     :
   v.                                :   Civil Action No. DKC 22-3151
                                     :
PERSIS P. WHITEHEAD, et al.          :
                                     :

**MEMORANDUM OPINION**

In a memorandum opinion and order issued on April 27, 2023, the court provided Plaintiff Shon Torney the opportunity to file a surreply in response to the evidence Defendants Focus Consumer Healthcare, LLC ("Focus") and Kevin Menzel submitted in their reply in support of their motion to dismiss for lack of subject matter jurisdiction. (ECF No. 40). The court advised that unless Plaintiff can provide evidence that undermines Defendants' evidence that Focus is a citizen of Maryland, and thus that there is no complete diversity between the parties, the case will be dismissed for lack of subject matter jurisdiction.

Plaintiff filed a surreply in which he attempts to cast doubt on Defendants' evidence. (ECF No. 41). He objects to the fact that Defendants have not provided the citizenships of all of Focus's members. He also requests proof, beyond what Defendants provided, that BMRG Ooltewah, LLC ("BMRG Ooltewah") is a member of Focus, that Troy Bage is a member of BMRG Ooltewah, and that Mr.

Bage is a resident of Maryland. He provides no evidence of his own that contradicts the evidence Defendants provided.

First, it is unnecessary at this juncture for Defendants to provide the citizenships of all its members. The fact that one of its members is a citizen of Maryland is enough to make Focus a citizen of Maryland. *See Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004). As for Plaintiff's other arguments, the affidavit of Kevin Menzel, the managing director and Chief Operating Officer of Focus, affirming that BMRG Ooltewah is a member of Focus, and the declaration of Troy Bage, stating that he is a member of BMRG Ooltewah and a resident of Maryland, are evidence of those facts. (ECF Nos. 34-2; 39-1). Unsworn declarations under penalty of perjury are accepted methods of proof. *See* 28 U.S.C. § 1746. Plaintiff has not come forward with any evidence that refutes those facts. Additionally, Plaintiff concedes that Mr. Bage "currently resides in Lutherville/Timonium, MD." (ECF No. 41, at 2).

Because Plaintiff bears the burden to prove subject matter jurisdiction and has failed to come forward with evidence that there is complete diversity between the parties, this case will be dismissed for lack of subject matter jurisdiction. As the court previously noted, this dismissal does not preclude Plaintiff from filing his lawsuit in state court, subject to any applicable limitations periods. *See* Md. Rule 2-101(b) ("Except as otherwise

2

provided by statute, if an action is filed in a United States District Court . . . within the period of limitations prescribed by Maryland law and that court enters an order of dismissal . . . for lack of jurisdiction, . . . an action filed in a circuit court within 30 days after the entry of the order of dismissal shall be treated as timely filed in this State.").

    A separate order will be entered.

                                                       /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge